UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MICHAEL A. LEONARD,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN HONDA MOTOR CO., INC., et al.,<br><br>    Defendants. | CIVIL ACTION<br>NO. 24-40023-DHH |

### ORDER AND RECOMMENDATION
July 24, 2024

Hennessy, M.J.

*Pro se* plaintiff Michael A. Leonard ("Leonard") brought the instant products liability action against the American Honda Motor Company and its officers. Leonard also filed a motion for leave to proceed *in forma pauperis*, which he supplemented pursuant to the Court's order. Dkt. Nos. 3, 6. I grant Leonard leave to proceed *in forma pauperis* and order this case reassigned to a District Judge for dismissal.

**I.    Factual Background**

Leonard brought suit against the American Honda Motor Company and three of its officers for designing their vehicles in such a way that necessitates costly repairs. Specifically, Leonard takes issue with the fact that "the cost to replace a lost key of [his] 2007 Honda Accord was $300," alleging "there is no reason for parts to cost this much and there is absolutely no reason the company cannot produce cost effective keys as they did in the past." Dkt. No. 1 at p. 7. He also alleges that the "electrical system" in his vehicle has been unreliable and "randomly shut[s] off" while he's driving. *Id.* at p. 6. Leonard is seeking $100 million from the American

Honda Motor Company and $10 million from each officer. *Id.* at p. 7. Leonard is also seeking an injunction forbidding Defendants from designing vehicles that require costly repairs. *Id.*

When Leonard filed his Complaint, he also filed a motion to proceed *in forma pauperis*. Dkt. No. 3. Leonard testified that he had $24,000 in savings, as well as valuable real estate assets. *Id.* at p. 2. However, Leonard testified that he does not have steady employment and has struggled with mental health issues, making future employment uncertain. *Id.* at p. 1. I denied Leonard's motion, finding that he did not meet the financial requirements to proceed *in forma pauperis*. Dkt. No. 4. The Court ordered Leonard to either pay the filing fee or show good cause as to why he could not pay the filing fee. *Id.*

Leonard responded to the Court's order, testifying that he was in a "precarious financial situation" but was not yet destitute. Dkt. No. 6 at p. 1. Leonard represents that his savings have dwindled to $7,000 in the past few months. *Id.* Further, Leonard is responsible for home and vehicle repairs which he anticipates will be costly. *Id.* Based on these repairs and the uncertainty regarding Leonard's employment, Leonard argues that he should not be forced to pay the filing fee. *Id.*

**II.    Discussion**

   **A.  Motion to Proceed *In Forma Pauperis***

Leonard's motion to proceed *in forma pauperis* is granted. One does not have to be "absolutely destitute" to proceed *in forma pauperis*. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, the litigant must show he cannot pay the filing fee "and still be able to provide himself and dependents with the necessities of life." *Id.* Based on Leonard's application, Dkt. No. 3, and his response to the Court's order, Dkt. No. 6, Leonard's savings are rapidly decreasing as his expenses are increasing. Leonard is responsible for costly home and

vehicle repairs. He represents that his income is below the poverty line. On this record, I find that being forced to pay the filing fee may cause Leonard to forgo the necessities of life. As such, I grant Leonard leave to proceed *in forma pauperis*.

### B. Recommendation of Dismissal

I order this case reassigned to a District Judge and recommend to the newly-assigned Judge that this case be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [1]

Leonard alleges a products liability claim based on the allegedly defective design of Honda's vehicles. To state a claim for products liability based on a design defect, the plaintiff must show that (1) "the defendants manufactured or sold the product that injured the plaintiff;" (2) the product had a defect that rendered it unsuitable for ordinary use; (3) "the plaintiff used the product as intended" or used the product in a foreseeable way; and (4) the defect was a "legal cause of plaintiff's injury." *Corrigan v. Covidien LP*, No. 22-cv-10220-DJC, 2022 WL 17094687, at *4 (D. Mass. Nov. 21, 2022). Regarding the fourth requirement, the alleged defect must cause injury to the plaintiff, another person, or the plaintiff's property (other than the defective product), but products liability claims do not cover "pure economic loss." Restatement

---

[1] Leonard's allegations of jurisdiction are also suspect. Leonard invokes diversity jurisdiction as the basis for his suit. Federal courts retain original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Leonard alleges state law tort claims against a corporation, whose principal place of business is in California, and its officers, who are not alleged to reside in Massachusetts, as Plaintiff does. Leonard also alleges damages of $130 million, exceeding the jurisdictional requirement. When a plaintiff files their case in federal court initially, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to be a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). When assessing the sufficiency of a plaintiff's alleged damages, the determining question is whether "anyone familiar with the applicable law" could objectively view the plaintiff's claim as worth more than the jurisdictional minimum. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d 38, 41 (1st Cir. 2012). Leonard does not allege the exact cost of repairing his vehicle beyond identifying a $300 replacement cost for his lost key. It appears to be a legal certainty that the remaining repairs would not exceed $74,700, let alone reach $130 million, seeing as repairs of such a cost would probably exceed the value of the vehicle. Without further jurisdictional allegations, a sufficient jurisdictional basis for Leonard's suit is uncertain. Nevertheless, Leonard's products liability claim plainly fails as a matter of law.

(Third) of Torts: Products Liability § 21, § 21 cmt. a.  Massachusetts tort law follows the Restatement's rule, rendering purely economic losses unrecoverable in tort actions.  *FMR Corp. v. Boston Edison Co.*, 415 Mass. 393, 395 (1993).

Leonard's products liability claims fail as a matter of law because he fails to allege an injury that isn't purely economic.  Leonard alleges that his lost key and faulty electrical system require costly repairs but does not allege that either have caused injury to him, another person, or to his property (other than the allegedly defectively designed vehicle).  Leonard only alleges that he has been financially injured by the high cost of the repairs.  This purely economic loss is not a cognizable injury for a tort claim.  Because Leonard has failed to allege a cognizable injury based on an alleged defect, Leonard's claims are unrecoverable in a tort action and should be dismissed.

### III.   Conclusion

For the reasons set forth above, the Court GRANTS Plaintiff's motion to proceed *in forma pauperis* and recommends this action be DISMISSED for failure to state a claim.[2]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[2] The Parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), they are entitled to object to the Court's Report and Recommendation by filing a specific written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  Such written objections must specifically identify the portion of the Report and Recommendation to which objection is made and the basis for those objections.  The Parties are further advised that the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review.  *See, e.g.*, *M. v. Falmouth Sch. Dep't*, 847 F.3d 19, 26 (1st Cir. 2017); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988).